UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| OMAR W. ROSALES<br>on behalf of himself and all others<br>similarly situated,<br><br>**Plaintiff**<br><br>VS.<br><br>APPLE, INC., and, DOES 1 THROUGH<br> 50, inclusive,<br><br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 7:12-CV-251**<br><br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY DEMAND) |

## CLASS ACTION COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COMES NOW**, Omar W. Rosales ("Plaintiff"), by and through his attorneys, and

brings this action on behalf of himself and all others similarly situated against Apple,

Incorporated ("Apple" or "Defendant") and Does 1 through 50.  Plaintiff hereby alleges,

on information and belief, except as to those allegations which pertain to the named

Plaintiffs, which allegations are based on personal knowledge, as follows:

### I.

### NATURE OF THE ACTION

1.      Plaintiffs bring this class action on behalf of purchasers of Apple's

"Macbook Pro Laptop Computer" (known as the Macbook Pro) and "Macbook Laptop

Computer" (known as the Macbook) in Texas and throughout the United States.

1

2.      The MacBook Pro and MacBook were represented as being designed as "Portable Powerhouses for creative and professional users."  The subject computers were also noted to have, "Ports with possibility.  Two USB 2.0 ports (three on the 17-inch MacBook Pro) and a FireWire 800 port let you connect your iPad, iPod, iPhone, digital cameras, and external hard drives." See http://www.apple.com/store.

3.      The integrated circuits, ports, and USB ports reside and operate on the Apple motherboard, known as the "Logic Board".  However, the Logic Board is not fit for the ordinary purposes (operating the crucial components of the system and providing connectors for other peripherals) for which it was intended.  Instead, the logic board – because it was negligently designed and manufactured – prematurely fails to work and causes components such as USBs and other ports to malfunction.  As the Apple MacBook Pros and MacBooks do not have the intrinsic hardware to operate without a logic board and accomplish every computing task (such as printing, backup memory, precision mouse, and connection with wireless devices), the logic boards and USB ports are crucial to the functionality of the system.  As the logic boards fail, the MacBook Pro and MacBooks are rendered useless, thus rendering the system useless.

Apple is and was aware of this substantial defect, but it failed to disclose it or warn Plaintiffs and the Class of the defect.  As of the date of this filing, it continues to market and sell the defective logic boards, resulting in continuing damage to the Class. In some instances, Apple has attempted to hide the defect by limiting the number of USB ports on the logic board, rather than repairing the logic board itself.  This cover-up shows that Apple had knowledge of the defect, yet willfully and intentionally decided to hide the defect, resulting in continuing damage to the Class.

Furthermore, if taken to the Apple Store commonly seen in shopping malls across the United States, consumers are told that the logic boards cost $310 and upwards to repair.  If consumer calls Apple Customer Relations in Cupertino, California, consumers are told that the logic boards will be repaired for free.  As a result, Plaintiffs and the Class (which likely number in the millions) have purchased flawed Logic Boards, which prematurely fail and limit the functionality of the laptops.

4.      Plaintiffs bring this class action on behalf of themselves and all others similarly situated, asserting claims as Fraud under Texas Common Law, violations of the Texas Deceptive Trade Practices Act, violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(1), Breach of the Implied Warranty of Fitness for a Particular Purpose, Breach of the Implied Warranty of Merchantability, Negligence, and Unjust Enrichment. Plaintiffs seek damages and equitable relief on behalf of the class, which relief includes but is not limited to the following: providing class members with a safe, defect-free logic board, or if no such product exists, to refund Plaintiffs and class members the full amount paid for their Apple computer which relies on the Logic Board for its power and usage; a refund of the replacement cost of the defective Logic Boards; costs and expenses, including attorney's fees; and any additional relief that this Court determines to be necessary to provide complete relief to Plaintiffs and the Class.

## II.

## JURISDICITON AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §2310(d)(1)(B) and 28 U.S.C. §§1331, 1332, and 1367, because Plaintiffs' claims arise

under federal statute.  The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

6.      With respect to the Magnusson-Moss Warranty Act claims, the amount in controversy in each individual claim is at least twenty five dollars ($25), the proposed class consists of over 100 members, and the aggregate damages exceed $50,000.

7.      This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d)(2) ("CAFA"), as to the named Plaintiffs and every member of the Class, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and members of the Class reside across the United States and are therefore diverse from Defendant.

8.      This Court has personal jurisdiction over Apple because it has a manufacturing plant in Texas, it is authorized to conduct business in Texas, and it has intentionally availed itself of the laws and markets of Texas through the promotion, marketing, distribution, and sale of its MacBook Pros and MacBooks in Texas.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  Venue is also proper under 18 U.S.C. §1965(a), because Defendant transacts a substantial amount of its business in this District.  Plaintiffs are filing concurrently herewith an affidavit stating facts showing that this action has been commenced in a proper county pursuant to the Texas Rules of Civil Procedure.

### III.

### INTRADISTRICT ASSIGNMENT

10.     Assignment to the McAllen Division is proper because a substantial portion of the acts, events, and omissions giving rise to this action occurred in Harlingen, Texas, which is within the purview of the McAllen Division of this District.

### IV.

### PARTIES

11.     Plaintiff Omar W. Rosales ("Mr. Rosales") resides in Harlingen, Texas. Plaintiff purchased an Apple MacBook computer, which came with the defective Logic Board, on August 10, 2008.  Approximately two years after purchase, Plaintiff noticed the USB port on the right side of his laptop ceased to function, thus rendering additional peripherals inoperable.  Plaintiff took his computer to the nearest Apple Store in Austin, Texas, and had his computer repaired on June 22, 2012 for $310.00 plus tax of $25.58, totaling $335.58.  At the time, Plaintiff was told his MacBook Pro had a defective Logic Board.

12.     Defendant Apple, Inc. ("Apple") is incorporated in California.  Its executive offices and company headquarters are located in Cupertino, Santa Clara County, California.  Apple is registered to do business in the State of Texas, and conducts substantial business here.  Apple is a publicly traded company, with net sales of over $85 billion in 2011,  $37.4 billion of that total in the United States alone.  Apple sells its MacBook Pro and MacBook Computers ("Subject Computers") with the installed Logic Boards to consumers throughout the United States, including to at least tens of thousands

of consumers in Texas, which constitutes a significant percentage of Apple's sales in the United States and in Texas.

13.     The true names and capacities of Defendants sued herein under the Texas Deceptive Trade Practices Act as Does 1 through 50, inclusive, are presently unknown to Plaintiffs, who therefore sue these Defendants by fictitious names.  Plaintiffs will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## V.

## DEFENDANT'S UNLAWFUL CONDUCT

14.     Since the early 1970s, Apple has engaged in the business of designing, manufacturing, marketing, distributing and selling personal computers and related products and services through its own retail (and more recently, online) stores, direct sales, third party wholesalers and resellers.

15.     On or about February 2006, Apple began designing, manufacturing, warranting, advertising, marketing, selling and providing the new MacBook series laptop computers.  The MacBook was the first generation of this new series and the MacBook Pro the second generation (collectively, the "Subject Computers").  Apple sold the logic boards to Plaintiffs and the Class as original equipment included in its Subject Computers, and also as replacements to defective equipment.

16.     Apple markets the reliability and functionality of the logic board for both its MacBook Pro and MacBook computers.

17.     Regarding the Macbook Pro series laptop computers, Apple makes the following representations: "State of the Art, Breakthrough, Easy Access to Connections and Ports."  See http://www.apple.com/macbookpro/design.html.

18.     Regarding the MacBook series laptop computers, Apple makes the following representations: "The new MacBook is faster, has even more memory and storage, and is an ideal notebook for customers' growing library of digital music, photos and movies." See Apple Press Release – May 15, 2007.

19.     Apple also boasts that its MacBook Pro is its "state of the art" flagship portable designed "for mobile professionals" and "life on the road". See Apple Press Release June 5, 2007 http://www.apple.com/ca/press/2007_06/macbookpro.html.

20.     Apple markets the USB ports for both the MacBook Pro and the MacBook as suitable to, "Connect a modem, iPod, iPhone, mouse, keyboard, printer, disk drive, digital camera, joystick, and more to your MacBook. You can also connect USB 1.1 devices."  See http://support.apple.com/kb/HT4167.

21.     Apple markets the MacBook Pro and the MacBook as "portable powerhouses for creative and professional users." See Apple Press Release June 5, 2007 http://www.apple.com/pr/library/2007/06/05Apple-Updates-MacBook-Pro.html.

22.     However, contrary to its advertisements, Apple's logic board is not "durable" or "designed to withstand the rigors of life on the go" but rather, fragile, defective, and tends to fail when used as intended.

23.     The logic board consistently fails and renders the subject computers and USB ports and other ports inoperable.  This failure limits the functionality of the subject

computers.  A common point of failure is the USB port at the right side of the subject computer terminal.  The USB port fails due to a failure of the logic board.  An additional failure is the inability to turn on the subject computer.

24.     With the limitations of the subject computers, it is imperative to have functioning ports to connect with peripherals such as printers, modems, memory devices, mice, mobile phones, and mobile devices.  Moreover, it is imperative to be able to turn on the subject computer to operate the computer.  Any logic board designed for a laptop computer must be durable enough to withstand the uses for which it is intended.  Such normal use should not render the logic board useless, nor disable the ports on the logic board, nor render the computer useless.  The normal use of the subject computers causes this failure.

25.     As the logic board designer and manufacturer, Apple possesses specialized knowledge regarding the composition of its logic board, and is in a superior position to know and learn about defects in its logic board.  In fact, as evidenced by the many purchasers of the subject computers with defective logic boards, who have gone through the trouble of logging on to Apple's website to complain of the problems alleged herein, Apple has been aware of these defects for nearly three years, but has done nothing about them.  From December 2010 through July 2012, more than 356 "customer reviews" of the MacBook Pro and MacBook port failures have been posted to the Apple Online Store. The web page listing MacBook Pro Logic Board Failure has been viewed more than 100,676 times.  The vast majority of the reviews are extremely negative, notifying Apple again and again about its defective logic boards.  For example, an early posting about

defective logic boards on a MacBook Pro, posted on December 16, 2010, titled Re:

MacBook Pro Logic Board Failure states:

    \*    "I just recently had the exact same problem. My AppleCare Protection Plan expired about 10 days before the fault. Computer went to sleep and refused to wake up. Light on at the front - fans on etc but nothing - zip. Called the Apple Care helpline and they were very helpful and referred me to the Apple Store.

At the store they ran a check - but honestly I'm not sure whether they could really assess whether it was the graphics card or the logic board. Whatever it was they replaced the entire logic board foc (VERY expensive!) and all is OK now. So, my experience was good but I do share a growing concern about the "bustability" of the newer machines!"

    \*    On December 21, 2011, still another customer wrote, "A couple of months ago, I had the same on my MacBookPro 2.4GHZ (Model identifier: 3,1 - IntelCore 2 Duo). The motherboard had died - no Apple Care involved _ I bought it in Jan 2008 in San Fransisco, to say that not any guarantee claims could be made.
The Apple store told me that the motherboard was from an ill-fated maufacturing batch. it was replaced at no costs. I would to learn if the same applies for your machine. By the way, the serial number of my MacBookPro is \*. May be this will help speed up things. Good luck."

    \*    On December 27, 2010, another customer wrote, "Keith, I am currently dealing with the same issue. I have a MPB 15 inch 2.2Ghz I bought Jan 2, 2008, and this exact problem occurred precisely 20 December this month.

My AppleCare is over in about five days, but to be honest it's not making much difference as Apple is relishing the fact they can blame this on an "Accidental damage" repair that happened March this year.

Despite the face that I've done research and found almost 30 cases mentioning this problem with the same model and purchased within about a three-month time frame (and might I add no other computer model with this issue), they're not moving from the warm Accidental Damage blanket.

I mentioned these separate cases of others having the same issue to Apple. I even told the guy to google MacBook Pro logic board and see that most of the results are about its failure. However, unsurprisingly, the other end refuses to openly admit any fault from their side. As I'm sure their 200 lawyers probably mentioned it would be best this way."

    \*    On December 28, 2010, another customer writes, "Thanks everyone for sharing your stories here. I'm more convinced than ever that the boards on these machines have an abnormally high failure rate.

I'll be back when I have something to report after the holidays. In the meantime enjoy your time off."

&ast; On February 12, 2012, another customer writes, "Hello everyone, My macbook pro has been updated to the 10.7.3 software.

I have had my mac for quite a while and over time my USB ports have slowly stopped working. I have tried deleting junk, updating everything, and nothing is working.

My Mac has been updated to the new lion and everything (I bought it online for $30, because it did not include it when i first recieved the mac) I tried resetting my computer, shutting it down and what not. I have looked at other forums about this and nothing I do works.The mouse I have is not recognizeable along with my Droid phone, printer, and iPod.

If anyone can please help me out, I am not sure if it is the hardware or what, but nothing is working and it has become very frustrating."

&ast; On April 7, 2012, another customer writes, "Had the same problem on a brand new 2012 MacBook Pro 15 inch, Model : MacBookPro8,2.  After a couple of weeks the 2nd USB port would not work at all, just died one day for no reason I could tell, the only thing I ever plugged into it was Apple products, the 1st USB port worked fine. Tried all the above suggestions, nothing worked. The diagnostic About This Mac, More Info..., Hardware USB would never show anything connected to this port. Remember you have to restart this diagnostic everytime you plug something into it."

&ast; On May 18, 2012, another customer writes, "I ended up going to the apple store about an hour and a half away from me. They dusted my mac and ran some tests. Everything seemed fine surprisingly (I felt like an idiot seeing as they found nothing wrong with it) and the ports were up and running mostly, except that my nearest port was drawing a little less power.

No less than 24 hours upon returning back did they stop working again.  It might have to do with something involving the download of iCloud or something? ^ or the new lion, both of which I am not sure of."

&ast; On October 9, 2011, another customer writes, "that didn't work. The USB stopped working and had to re-start...."

&ast; On April 26, 2012, another customer writes, "Unfortunately, the problem reappeared after the first shutdown. Now I have no Ethenert nor USB nor sound again Currently, Apple support is considering this issue as an hardware problem. This may explain why it arise randomly and in very different contexts.  For me the next step is having both display's mother board and power board replaced..."

&ast; On June 12, 2012, another customer notes, "i have noticed that if i plug the power into my macbook pro, wait like 10 seconds, and then plug the thunderbolt cable in, it makes it much more likely that the usb devices will work. not 100% though. the worst part is that if i log out after this happens i get a kernel panic. and then spotlight re-indexes (which takes forever) when it reboots. and if you also have an online backup

program installed (eg mozy), you get two hard drive indexing processes going. which is
rather slow.

although when i first got it (before the 10.7.3 or 10.7.4 update) it was much much
worse—plugging in the display would cause a kernel panic about 1 out of 10 times.
(same problem here with a new macbook pro 15")"

     *     On September 7, 2011, another customer writes, "I have a 13 inch
macbook pro 2011. This evening, I plugged it in to charge as well as plugged USB
devices into both ports. Upon plugging in the second device, my laptop shut down
completely and now won't restart! The charge light in the adapter is blinking a very faint
alternating green and orange (not the usual bright orange when charging). Has my
computer died? Without a removal battery like my old macbook, can *I* do anything to fix
it??

As a student my laptop is used everyday so any prompt help is appreciated!!!"

     *     On March 9, 2012 another customer notes, "My WD passport is not
working on my USB ports anymore, and therefore is not backing up via Time
Machine...it does not spin in the front port, and the rear port makes it beep.

When I plug it into my Windows desktop machine, it will recognize the drive, so I
think it is a power supply issue with the USB port on the macbook pro. Thumb drives
work fine in my macbook pro.

Any help??"

     *     On January 12, 2012 another customer notes, "My USB port stoped
working, so when I cannoect an external hard or flash memory or anything else there is
no response, the other one still working though!

I remember once I faced this problem and called Apple support and they asked me
to restart and presseing Option and command key's while restating, and the problem was
solved!  but now it is back again and I cannot solve it!  any one help please"

     *     On June 16, 2011, another customer writes, "ok so my MBP (bought oct
2007) died on the weekend. i took it into my local apple store tonight and the "genius"
told my my logic board had died. my symptoms arent exactly the same as the nvidia
because mine is just completely dead (the light blinks once and thats it, no sound, no fan,
no power, nothing). he told me it would cost $2154.90 to fix it!!! i am going to go back in
and tell him that i know there is a known problem with my mbp model and this just isnt
good enough. i didn't pay $3000 for a laptop for it to die in 3.5yrs...."

     *     On September 4, 2011, another customer writes, "I have had exactly the
same issue with my 2008 MBP this week - one morning it just wouldn't wake from sleep,
fan on, drives spinning, latch light on, but nothing. Had it with me at work and a
colleague managed to get it to come on by removing the battery for 10 sec and then

resetting p-ram - went back to sleep, woke up again fine that evening, but since Thursday morning, same problem, and nothing will get it to boot up."


      *      On September 4, 2011, another customer notes, "Keith, My early 2008 MacBook Pro, died the same way. I tried all the start up resets you mentioned and you described the condition I found it, "The only signs of life are the white light on the screen latch that is now on, the fans are spinning and the DVD drive seems to work."
      The route I took was to call AppleCare, run through the resets again with the rep, who then set an appointment for me at the nearby Apple Store. The Genius tried resetting the NVRAM and observed the solid sleep indicator. He declared the MLB dead within minutes of us starting. I was also having problems with the "stage light effect" in the display, so he is also having the display replaced, even though he could not observe it."


      *      On September 19, 2011, another customer notes, "I have a mid-2010 macbook pro. Had the blue screen several times. It would freeze and hang-up. Started to run hot. Brought it to Apple one month out of warranty and they changed my main logic board and thermal assembly FoC...thank you Apple! Question is, what the heck is really going on with these high-end machines and catastrophic failures? It sounds as if this repair will not be the end of my macbook worries."


      *      On September 11, 2011, another customer notes, "Wow.  I can't believe how widespread this issue is.  My early 2008MBP died on Sunday with all of the same issues as op.  My computer wasalso extremely hot when I picked it up on Sunday morning (it had beenrunning pretty hot for some time actually but usually when I pick it upfrom sleep it's cool).  I took it into Apple yesterday and after theyperformed all of the tests that I had already performed (removing thebattery, resetting CMS) they decided to look at it overnight.  I got acall this morning and they quoted me about $310 as a flat-rate for thelabor and any parts they might need during the repair. Includingparts!?  Compared to other people's stories it seems like I might belooking to pay a lot more once I hear back from them (or did I just geta "great deal"?)."


      *      On October 10, 2011, another customer writes, "During May this year my 15" macbook pro failed.  The Aberdeen Apple Store told me that the motherboard had died and would cost £800 to replace.
      Now since it was out of warranty (purchased Oct 2007) I decided to look elsewhere.  Found a reputable repairer, who told me it sounded like a common fault with these particular models and they would attempt a repair.  After a few days away it returned fully working, however after a couple of weeks it died again with the same fault.  Sent it back to the same company on the understanding that they would attempt to repair once more.  Returned repaired for the second time, however after a week it died again with the same fault.  I again discussed this with the repair company.  They explained there is an inherent fault with these models and even to replace the motherboard could be an issue since its the boards that are faulty and a new board could fail within a day, week or of couse last a lifetime, and do I wish to take that chance at that

cost?!!"

      *      On October 14, 2011, another customer notes, "Okay, I have the same
symptoms as Keith. Identical.
      I've already resigned myself to the fact that I will be buying a new MBP this
weekend (mine is 4+ years old), however, my question is this: Will Apple be able to
recover data on my MBP with a failed logic board? I'm having such anxiety over this! If
anyone has had experience with logic board failure + data recovery please let me know!
Thank you!"

      *      On October 14, 2011, another customer writes, "I guess I should chime in
here since this thread is ongoing. Apple replaced my logic board for free but it took a call
to California to make it happen. Its been some months now and it continues to work just
fine. The person I spoke with at Apple corporate was very helpful and understanding and
really came through for me.
      Applecare on the otherhand was exactly the opposite. I still feel Apple needs to
consistantly look after customers better since most people wound't or wouldn't think to go
as far as I did to get satisfaction."

      *      On November 5, 2011, another customer notes, "Unfortunately Apple's
Macbook Pro Logic board failures were not limited to the problematic Nvidia cards. My
brother and I both have the mid 2009 2.66ghz 15" and have had problems with it.  Just
this week as I woke up to study for my boards like any day I saw my mac wasnt sleeping
as usual but "shutdown". power wouldn't boot, noticed charger light was very faded.
clicked battery indicator light wouldn't work either. tried 3 different chargers same
thing."

      *      On November 13, 2011, another customer writes, "OK so I have read
almost all of these posts and I am convinced I have a logic board failure. I was working
on my MBP today and it just turned off. No noises, no beeps, not boot to disc. Anyway,
have Genius Bar appointment tomorrow. I checked on my original sales receipt and I
purchased it a year and three days ago. Really? I do not have Apple Care so does anyone
think they will be human and fix it for nothing? I am a business member and have 4
Apple computers and 14 other Apple products."

      *      On November 14, 2011, another customer notes, "I was several weeks past
the 1 year mark and Apple replaced my logicboard and thermal assembly FoC. Don't give
up! I think if you reference ALL the entries here you'll be successful, best of luck."

      *      On November 14, 2011, another customer writes, "Boy, I have to add my
thanks to Keith for his suggestion to call Customer Relations at Apple Headquarters
(408.996.1010). That is the way to go!
      We have 2 first-generation Intel MacBook Pros, and between them their logic
boards have been replaced 6 times—one computer has had its logic board replaced 3

times in the last 8 months. The other computer just lost its hard drive due to its second logic board failure, but the Genius Bar wouldn't touch it because the HD was an aftermarket drive we'd had installed by an authorized Apple repair place. The repair place put in a new drive but still couldn't get the laptop to boot because of the logic board.... which the Genius Bar wouldn't replace because of the hard drive—ARGH!"

        *        On December 19, 2011, another customer notes, "Note for all Macbook pro users. If you have apple care, make sure you take in your computer to run all diagnostics before it expires. All I had was a computer that was getting too warm and took the computer in. The warranty covered a new battery (failure), new logic board, and new microphone cable and I had no idea any of this stuff was messed up.   All was replaced free of charge. I would suggest everyone take in their computers before the warranty expires to have it checked out. The total cost of the repairs was near 650 bucks...."

        *        On December 21, 2011, another customer writes, "my 4 month old macbook pro was bought in the uk, after a month or so with no problems, my hard drive failed, it was sent off for a replacement, about 2 months later, the hard drive has failed again. i took it into an apple store in florida and was informed my logic board was faulty and had been sending bad signals to other components, corrupting the hardware.therefore, every piece of hardware that recieves messages from the logic board could be corrupt. i am going to persue a full refund from the store i purchased it in as the supposedly reliable macbook pro has completely let me down, and i want to go back to a windows pc."

        26.        Apple's own website provides admissions that Apple is not only aware of these defects, but provides irresponsible advice for consumers regarding how to address the problems complained of.  On a page titled, "iOS: Troubleshooting USB Connection," Apple provides "troubleshooting" under the subject heading "Resolution" and provides the following advice:

   "1.  Update to the latest version of iTunes.

   2. Plug the device directly into a high-power USB 2.0 port on the computer. If possible, use a USB port on the back of the computer.
        o   Avoid plugging the device into a keyboard, display, or standalone hub. The USB ports on these accessories may be low-power or only offer USB 1.x connections.
   3.   If you are using an accessory, remove the device from the dock and connect it to the computer using only the Apple USB to Dock Connector cable.

14

- o   If you have access to additional Apple USB to Dock Connector cables, try testing with another if the first one doesn't work.
4. Restart your computer and device. To restart your device:
   a. Hold the power button until "slide to power off" appears. Slide to power off your device. When it is off, press the Sleep/Wake button to turn it back on.
5. Disconnect all USB devices from your computer, except for your keyboard and mouse. Then reconnect the iOS device. If the issue is resolved, reconnect other USB devices, testing after each connection."
   See http://support.apple.com/kb/TS1286

27.     It is not just reliability at issue here, but the cost to consumers to use their computers for the purposes for which they were intended.  Moreover, it appears there is a concerted effort at Apple to keep the defect covert and not inform current or prospective customers about the logic board failures.  Nowhere on the Troubleshooting page, does Apple note that numerous reports have been received of logic board failures.

28.     Of course, it is not just through Apple's online store that consumers are logging complaints about the USB ports and logic board, the internet is rife with similar complaints.  One consumer recently complained on September 3, 2011 at MacForums:

   "hey, was seeing if anyone can help me... i have a 13" white macbook, and neither of my usb ports are working. they will not recognize anything or charge anything. does anyone have any suggestions of what i can try? i would rather not erase my whole computer, but if its a must, its a must... thank you in advance for any reply"  See http://www.mac-forums.com/forums/apple-notebooks/249598-usb-ports-not-working-macbook.html

29.     To date, Apple has not taken action to remedy the defects in its logic boards, or to offer any replacement product.  Rather, to hide the defect, Apple has decided to further reduce the number of USB ports in its newest generation of MacBook Pro and MacBook computers.  In its newest 3rd generation MacBook Pros and 4th generation MacBook computers, the subject computers contain only 2 USB ports and

even fewer peripheral ports than its predecessors.  See http://www.apple.com/macbook-pro/

30.     Apple knew about the complaints regarding defective logic boards and inoperable USB ports.  Apple misleads its customers into thinking that it resolved those design problems in its representation that the newer MacBook Pros and MacBooks are better designed. Apple notes, "Apple MacBook Pro Family – Its never been More Powerful."  See http://www.apple.com/macbook-pro/

31.     To ensure that the logic board would be fit for the ordinary or particular purposes for which the computer was intended, Apple should have adequately tested logic boards and ports prior to releasing them for commercial sale.  Had Apple exercised reasonable care in testing its logic board, it would have discovered that the logic board is improperly designed and causes premature failure of component systems.

32.     Instead, Apple sold defective logic boards to Plaintiff and proposed class members that were not fit for their intended use.

33.     Apple also could and should have tested alternate designs of its logic board to avoid these destructive side-effects.  As noted, Apple has been aware of the weakness and defects in its logic board for years.

34.     Furthermore, Apple continues to manufacture and sell its defective logic boards through MacBook Pros and MacBooks that are still available for sale, and replacement components for repair of MacBook Pros and MacBooks, even after it was informed by its own customers of the specific design defects alleged herein.

35.     Apple profits enormously from the sales of its logic board, while Plaintiffs and proposed class members incur damages, including the price they paid to purchase the defective logic boards and the costs to replace them.

36.     Apple has a history of introducing defective products into the stream of commerce, and not informing consumers of significant defects in design.  Examples include Iphones with improperly designed antennas; MacBook Pros with defective monitors; MagSafe Power Adapters that caught fire.  These defects have only been remedied through Class Action litigation.

## VI.

## PLAINTIFFS' ALLEGATIONS

37.     Plaintiffs are purchasers of Apple MacBook Pro or MacBook computers that were sold with defective logic boards.

38.     Plaintiffs purchased the subject computers and used the logic boards, believing them to be suited for the purpose for which they were intended: allowing the component cpu, hard drive, ports, and control devices to work in tandem.

39.     Since purchasing these computers, Plaintiffs have had to replace their logic boards, because, when used as instructed and intended, their logic boards failed causing inoperability of USB ports and peripheral control ports and/or they prematurely failed.

40.     Plaintiffs learned that far from being the only one experiencing such problems with the logic boards, there were hundreds of other similar customer complaints on Apple's website.

41.     In fact, Plaintiffs' experiences with the logic boards and ports are typical of at least thousands of other Apple purchasers who have registered their complaints with Apple, and have documented their problems with the logic boards on various website forums dedicated to Apple products, including Apple's own website.  The similarity of the user complaints about the logic board further evidences the uniformity of the product defects alleged herein.

42.     Plaintiffs have suffered injury in fact and loss of money or property, and they have been damaged in the amount they paid for the defective replacement logic boards they had to purchase to use their MacBook Pro or MacBook laptop computers. Moreover, if no adequate and functional replacement logic board exists, Plaintiffs have suffered damages in the amount of the full price they paid for their MacBook Pro or MacBook computers.

## VII.

## CLASS ALLEGATIONS

43.     Plaintiffs bring this class action on behalf of themselves individually and all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

44.     The proposed class consists of all consumers who purchased a MacBook Pro or MacBook computer from the time of their introduction in the marketplace through and including the date of the class notice (the "Class").

45.     This action is properly brought as a class action for the following reasons:

(a)     proposed class is so numerous and geographically dispersed throughout the United States that the joinder of all class members is impracticable.  When

18

Plaintiffs do not know the exact number and identity of all class members, Plaintiff believes there are tens if not hundreds of thousands of class members;

(b)     the disposition of Plaintiffs' and proposed class members' claims in a class action will provide substantial benefits to both parties and the Court;

(c)     the proposed class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member were infringed or violated in the same fashion;

(d)     there are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members.  Such common questions include:

(i)     Whether Defendant exercised reasonable care in testing its logic board prior to its release for commercial sale;

(ii)     Whether Defendant's logic board is defective when used as directed, intended or in a reasonably foreseeable manner;

(iii)     Whether feasible alternative formulations of the logic board were available;

(iv)     Whether Defendant's logic board was fit for its intended purpose;

(v)     Whether Apple breached the implied warranty of fitness for a particular purpose;

(vi)      Whether Apple has breached the implied warranty of merchantability;

(vii)     Whether Apple has violated the Magnuson-Moss Warranty Act;

(ix)      Whether Apple is strictly liable to Plaintiffs and the class and whether Apple failed to warn Plaintiffs and the class;

(x)       Whether Apple committed Fraud under Texas Common Law;

(xi)      Whether Apple has violated the Texas Deceptive Trade Practices Act;

(xii)     Whether Apple has received funds from Plaintiffs and class member that it unjustly received;

(xiii)    Whether Plaintiffs and proposed class members have been harmed and the proper measure of relief; and

(xiv)     Whether Plaintiffs and proposed class members are entitled to an award of punitive damages, attorney's fees and expenses against Defendant.

(e)      Plaintiffs' claims are typical of the claims of the members of the proposed class.

(f)       Plaintiffs will fairly and adequately protect the interests of the proposed class in that they have no interests antagonistic to those of the other proposed

class members, and Plaintiffs have retained attorneys qualified in consumer class actions, business litigation, and complex litigation as counsel.

(g)     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(i)     Given the size of individual proposed class member's claims and the expense of litigating those claims, few, if any, proposed class members could afford to or would seek legal redress individually for the wrongs Defendant committed against them and absent proposed class members have no substantial interest in individually controlling the prosecution of individual actions;

(ii)    This action will promote an orderly and expeditious administration and adjudication of the proposed class claims, economies of time, effort, and resources will be fostered and uniformity of decisions will be insured; and

(iii)   Without a class action, proposed class members will continue to suffer damages, and Defendant's violations of law will proceed without remedy while Defendant continues to reap and retain the substantial proceeds of its wrongful conduct.

(iv)    Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

46.    Plaintiffs seek damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.

## VIII.

## FIRST CAUSE OF ACTION

### (Fraud under Texas Common Law)

47.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

48.     To establish common law fraud in Texas, a plaintiff must prove that a) the defendant made a material misrepresentation, b) which was false, c) which was either known to be false when made or which was recklessly made as a positive assertion without knowledge of its truth, d) which the speaker made with the intent that it be acted upon, e) the other party took action in its reliance upon the representation, and f) thereby suffered injury. *In re FirstMerit Bank, N.A.,* 52 S.W. 3d 749, 758 (Tex. 2001); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998).

49.     Apple committed common law fraud in Texas by representing that: the subject computers were functional and suitable for sale, selling subject computers with defective logic boards, knowing the logic boards were defective, advertising that the logic boards and ports were suitable for use, that Plaintiffs relied upon Apple's statements of suitability, and that Plaintiffs suffered injury. *In re FirstMerit Bank, N.A.,* 52 S.W. 3d 749, 758 (Tex. 2001); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998).

50.     Plaintiffs reserve the right to allege other violations of law which constitute other unlawful business acts and practices.  Such conduct is ongoing and continues to this date.

51.     Apple's conduct caused and continues to cause substantial injury to consumers and their property, including Plaintiffs and proposed class members.  The gravity of Defendant's alleged wrongful conduct outweighs any purported benefits attributable to such conduct.  There were also reasonable available alternatives to Apple to further its business interests, other than voluntarily placing its defective logic boards into the stream of commerce.

52.     Plaintiffs and Class members have suffered injury in fact and have lost money and/or property as a result of Defendant's unfair and unlawful business practices and are therefore entitled to the relief available under Texas Law.

## IX.

## SECOND CAUSE OF ACTION

### (Violations of the Texas Deceptive Trade Practices Act)

53.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

54.     This cause of action arises under the Texas Deceptive Trade Practices Act, Texas Business and Commerce Code Section 17.46 (b)(5), (7), (9), and (24).  Plaintiffs are consumers as defined by Texas Business and Commerce Code Section 17.45 (4).  Apple's logic boards constituted "goods" as defined by Tex Bus Comm Code 17.45 (1).

At all times relevant hereto, Apple constituted a "person" as that term is defined in Tex Bus Comm Code 17.45(3).

55.     Apple violated and continues to violate the DTPA by engaging in the following deceptive practices specifically proscribed by the Tex Bus Comm Code Section 17.46 (b), in transactions with Plaintiffs and class members that were intended to result or which resulted in the sale or lease of goods or services to consumers:

(a)     In violation of Tex Bus Comm Code Section 17.46 (b)(5), Defendant has represented that logic boards have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(b)     In violation of Tex Bus Comm Code Section 17.46 (b)(7), Defendant has represented that logic boards are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(c)     In violation of Tex Bus Comm Code Section 17.46 (b)(9), Defendant advertised the logic boards in question with the intent not to sell them as advertised;

(d)     In violation of Tex Bus Comm Code Section 17.46 (b)(24), Defendant has failed to disclose information concerning the logic boards, which was known at the time of the transaction, if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

56.     Apple has made uniform representations that its logic board is a high-quality product that will perform as represented.  These representations, as set forth

above, were false, deceptive, and/or misleading and in violation of the Texas Deceptive Trade Practices Act.

57.    Pursuant to the Texas Business and Commerce Code, Section 17.505(a), Plaintiffs have notified Apple in writing by certified mail of the particular violations of the Texas Deceptive Trade Practices Act alleged herein, and have demanded that Apple rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to act.  Plaintiffs sent this notice by certified mail, return receipt requested, to Apple's principal place of business and Apple's Registered Agent in Texas.

58.    If Apple fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 60 days of the date of written notice, pursuant to the Texas Deceptive Trade Practices Act, Plaintiffs will amend their Complaint to seek actual, punitive, and statutory damages and all other relief available to Plaintiffs and the Class under the DTPA.

59.    In addition, pursuant to the Texas DTPA, Plaintiffs are entitled to, and therefore seek, a Court order enjoining the above-described wrongful acts and practices that violate the Texas DTPA.

60.    Plaintiffs and the class are also entitled to recover attorney's fees, costs, expenses, and disbursements pursuant to the Texas DTPA.

## X.

## THIRD CAUSE OF ACTION

**(Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. Sec 2310(d)(1))**

61.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

62.     By placing its logic board in the stream of commerce, Apple impliedly warranted that it was reasonably safe for its intended use, i.e., to utilize the component integrated circuits and peripheral ports, and to function without premature failure.

63.     Apple's logic board is not merchantable.  In breach of the implied warranty of merchantability and fitness for a particular purpose, Apple's logic board fails to work properly, thus rendering peripheral ports unusable.

64.     Apple's logic board was not reasonably designed for its intended use when it left Defendant's control and entered the market.

65.     The logic board defects were not open and/or obvious to consumers.  Any purported limitation of the duration and scope of these warranties given by Apple is unreasonable, unconscionable, and void, because Apple knew or recklessly disregarded the fact that the defect in the logic board existed and might not be discovered, if at all, until the logic board had been used for a period of time longer than the period of any written warranty, and Apple willfully withheld information about the defect from purchasers of Apple computers.  Moreover, due to the unequal bargaining power between the parties, Plaintiffs and the class members had no meaningful alternative to accepting Apple's attempted pro forma limitation of the duration of any warranties.

66.     The defective design and manufacture of the logic board was, and is, an inherent defect which either was known or which should have been known to Apple to be a defect at the time Plaintiffs and class members purchased their Apple computers.

67.     The presence of this defect, and Apple's failure to warn of its presence or cure the defect, constitutes a breach of both the express and implied warranties.

68.     Apple's knowledge of this inherent defect, through both Plaintiff's 60-day demand letter, and through complaints lodged on its own website about the logic boards, has given Apple more than a reasonable opportunity to cure the defect – an opportunity that Apple has failed and refused to take.

69.     As a result, Plaintiffs and proposed class members have been damaged in, inter alia, the amount they paid to purchase and replace Apple's un-merchantable logic boards, and if no replacement exists, in the amount they paid for their related Apple Computer, which relies on the logic board for its power and usage.

70.     Pursuant to 15 U.S.C. Sec 2310(D)(2), Plaintiffs are also entitled to attorney's fees and reimbursement of expenses.

## XI.

### FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty of Fitness for a Particular Purpose)**

71.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

72.     By placing its logic board in the stream of commerce, Apple impliedly warranted that its logic board was reasonably fit for its particular purpose, i.e., to withstand usual wear as a portable device and operate the integrated circuits, ports, and components without premature failure.

73.     Apple's logic board is not fit for its particular purpose.  In breach of the implied warranty of fitness for a particular purpose, Apple's logic board fails and renders the computers, USB ports, and other ports inoperable.  This failure limits the functionality of the subject computers.  A common point of failure is the USB port at the right side of the subject computer terminal.  The USB port fails due to a failure of the logic board.  Another common failure is the inability to turn on the computer.

74.     Apple's logic board was not reasonably suited for its intended particular use when it left Defendant's control and entered the market.

75.     The logic board defects were not open and/or obvious to consumers.

76.     Any purported limitation of the duration and scope of the implied warranty of fitness for a particular purpose given by Apple is unreasonable, unconscionable, and void, because Apple knew or recklessly disregarded that the defect in the logic board existed and might not be discovered, if at all, until the logic boards had been used for a period of time longer than the period of any written warranty, and Apple willfully withheld information about the defect from purchasers of Apple computers.  Moreover, due to the unequal bargaining power between the parties, Plaintiffs and class members had no meaningful alternative to accepting Apple's attempted pro forma limitation of the duration of any warranties.

77.     Furthermore, Apple did have knowledge of the defect, and rather than attempt to repair the defect, Apple hid the defect in future generations of MacBook Pros and MacBooks by eliminating the third USB port.  This constructive knowledge and attempt to hide the defect, demonstrates Apple disregarded its duty to notify consumers

of the defect.

In addition, if the defective computers were taken to the Apple Store, consumers were told the repair would cost $310 and higher.  If the consumer called Apple Customer Relations at Cupertino, California, the defective logic boards were repaired free of charge.

78.     As a result, Plaintiffs and proposed class members have been damaged in, inter alia, the amount they paid to purchase and replace Apple's unfit logic boards, and if no suitable replacement exists, in the amount they paid for their related Apple Computer, which relies on the logic board for its function and usage.

## XII.

## FIFTH CAUSE OF ACTION

## (Breach of Implied Warranty of Merchantability)

79.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

80.     By placing its logic boards in the stream of commerce, Apple impliedly warranted that its logic board was reasonably functional for its intended use, i.e., to withstand usual wear as a portable device and to operate the integrated circuits and ports without premature failure.

81.     Apple's logic board is not merchantable.  In breach of the implied warranty of merchantability, Apple's logic board fails to operate properly, disables peripheral ports such as USB ports, and reduces the functionality of the subject computers.

82. Apple's logic board was not reasonably designed and/or manufactured for its intended use when it left Defendant's control and entered the market.

83. The logic board defects were not open and/or obvious to consumers.

84. Any purported limitation of the duration and scope of the implied warranty of merchantability given by Apple is unreasonable, unconscionable and void, because Apple knew or recklessly disregarded that the defect in the logic board existed and might not be discovered, if at all, until the logic boards had been used for a period of time longer than any written warranty, and Apple willfully withheld information about the defect from purchasers of Apple computers. Moreover, due to the unequal bargaining power between the parties, plaintiffs and the class members had no meaningful alternative to accepting Apple's attempted pro forma limitation of the duration of any warranties.

85. As a result, Plaintiffs and proposed class members have been damaged in, inter alia, the amount they paid to purchase and replace Apple's unmerchantable logic boards, and if no suitable replacement exists, in the amount they paid for their related Apple Computer, which relies on the logic board for its component power and usage.

## XIII.

## SIXTH CAUSE OF ACTION

## (Negligence)

86. Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

87.     The conduct of Apple in manufacturing, distributing, and selling the logic boards constituted negligence in failing to reasonably act in accordance with all applicable standards of care.  Apple owed Plaintiffs and class members a duty not to disseminate a materially defective product.

88.     Apple also breached its duty of care by negligently failing to timely and/or adequately warn Plaintiff and the class of the defective condition of the logic boards, even after Apple was, or should have been, fully aware of the material defects in said logic boards.

89.     As a direct and proximate result of Apple's negligence, Plaintiffs and members of the class suffered economic injury, entitling them to just compensation, as detailed below.

**XIV.**

**SEVENTH CAUSE OF ACTION**

**(Money Had and Received)**

90.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

91.     As more fully set forth above, Apple had in its possession money which in equity and good conscience belongs to Plaintiff and Class members, which should be refunded to Plaintiffs and Class members.

**XV.**

**NINTH CAUSE OF ACTION**

**(Unjust Enrichment)**

92.     Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

93.     Apple improperly received and continues to improperly receive from Plaintiffs and Class members millions of dollars as result of the conduct alleged above.

94.     As a result, Plaintiffs and the class have conferred a benefit on Apple to which Apple is not entitled.  Apple has knowledge of this benefit, wrongfully and deceptively obtained this benefit, and has voluntarily accepted and retained the benefit conferred to it.  Apple will be unjustly enriched if it is allowed to retain such funds and therefore, a constructive trust should be imposed on all monies wrongfully obtained by Apple and the money should be disgorged from Defendant, and returned to Plaintiffs and the class.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray this Court enter a judgment against Defendant that:

A.     This action be certified and maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure and certify the proposed class as defined;

B.     Awards compensatory and/or punitive damages as to all Causes of Action where such relief is permitted;

C.     Awards Plaintiffs and proposed class members the costs of this action, including reasonable attorney's fees and expenses;

D.     Orders Apple to immediately cease its wrongful conduct as set forth above;

enjoins Apple from continuing to falsely market and advertise, conceal material

information, and conduct business via the unlawful and unfair business acts and

practices complained of herein, orders Apple to engage in a corrective notice

campaign, and required Apple to refund to Plaintiffs and all of the class members the

funds paid to Apple for these defective products, including, if no reasonably safe

replacement product exists, the full price paid for the subject computers;

E.      Awards equitable monetary relief, including restitution and disgorgement of

all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise

restricting the proceeds of Defendant's ill-gotten gains, to ensure that Plaintiffs and

proposed class members have an effective remedy;

F.      Awards pre-judgment and post-judgment interest at the legal rate; and

G.      Such further legal and equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.


DATED: August 2, 2012                Respectfully submitted,

                                     THE LAW OFFICES OF
                                     CARLOS E. HERNANDEZ, JR. P.C.
                                     101 N. 10TH AVE.
                                     EDINBURG, TEXAS 78541
                                     (956) 386-0900 Tel
                                     (956) 380-0771 Fax

                          By:        /s/ Carlos E. Hernandez, Jr.
                                     Carlos E. Hernandez, Jr.

Federal No. 17022; Atty. In Charge

**THE ROSALES LAW FIRM, LLC**
OMAR W. ROSALES
Federal No. 69067
402 SOUTH F ST
HARLINGEN, TX 78550
(866) 402-8082 Toll-Free
(956) 423-1417 Tel
(956) 444-0217 Fax

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other

than the named parties, there is no such interest to report.

/s/ Omar W. Rosales

OMAR W. ROSALES, ATTORNEY OF
RECORD FOR PLAINTIFFS

OMAR W. ROSALES
PLAINTIFF 2
PLAINTIFF 3